It is unnecessary to consider whether there was any irregularity in the order removing Cooke from the guardianship of the infants, for the want of notice to him or any other reason, inasmuch as such irregularity, if there were any, is immaterial to the case as it now exists. Upon the subsequent motion of Cooke, in the County Court, to rescind the first order, by which he was removed and Beale appointed, both of those persons were before the court, and it was then competent to hear the whole matter upon its merits, and it was so heard. The decision was in favor of the motion, and removed Beale and restored Cooke to the guardianship, notwithstanding he (Cooke) then resided in Virginia. From that decision Beale appealed, as he was entitled to do, by the express provision of the act of 1777; and on hearing the parties on the merits in the Superior Court, although it was not alleged that Beale was not a good guardian and a fit person for the office, his Honor held that Cooke also was a suitable person therefor, and that, (41) for the quiet and security of the infants, it was expedient to remove Beale and reappoint Cooke as the guardian; and he made the order accordingly, from which Beale again appealed. As the case stands at present, then, the question is simply, which of these two persons the interests of the infants require to be appointed their guardian? Upon that the Court cannot doubt, for, however well qualified for the office one may otherwise be, it is a conclusive objection to his appointment that he is not a citizen of this State, but an inhabitant and citizen of another State. In like manner, his removal from this State, after having been appointed a guardian, raises an equally strong objection to continuing him in the office, and is a good cause for taking it from him and giving it to another. A guardian ought always to be amenable to the process of the court by which he is appointed, in order that proper and prompt inquiry may be made whether he is taking due care of the infants, their education, and estate; and when Cooke changed his domicil from this State to another, the court was bound to remove him for that cause, and for that alone, if there were no other. The orders in the Superior Court must therefore be reversed, and the case remanded, with directions to reverse the order of the County *Page 41 
Court, from which Beale appealed, and to issue a procedendo to the County Court to refuse the motion of Cooke and to let the appointment of Beale stand.
PER CURIAM. Ordered accordingly.
(42)